**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIKA POGORZELSKA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 5683 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| **VANDERCOOK COLLEGE OF MUSIC** | ) | |
| and **ERIC BALLENGER**, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, ERIC BALLENGER ("Defendant"), answers Plaintiff, Erika Pogorzelska's, Amended Complaint as follows:

### Nature of the Action

1. Plaintiff Erika Pogorzelska ("Plaintiff") brings this action under Title IX of the Education Amendments Act of 1972 to redress the unlawful discrimination, deliberate indifference and retaliation by defendant VanderCook College of Music (VanderCook) after she reported sexual assault committed by defendant Eric Ballenger (Ballenger), a VanderCook student, (collectively, "Defendants").

**ANSWER**: Defendant admits Plaintiff attempts to assert a claim under Title IX of the Education Amendments Act of 1972 based on allegations of discrimination and deliberate indifference, but Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore neither admits nor denies the same, but demands strict proof thereof.

2. In violation of Title IX, despite credible reports and evidence that Ballenger sexually assaulted Plaintiff, VanderCook failed to conduct a reasonable investigation; allowed Ballenger to attend school without adequate discipline or restriction; refused to enforce a No Contact order entered against Ballenger; and left Plaintiff, a sophomore at the time of the sexual assault, to protect herself from continued harassment and retaliation from VanderCook students and professors. Defendants effectively forced Plaintiff to leave VanderCook in order to escape the school's hostility and discriminatory educational environment.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and therefore neither admits nor denies the same, but demands strict proof thereof.

3.     Plaintiff seeks to be made whole for the damages caused by VanderCook's deliberate indifference and retaliation in handling her sexual assault complaint and by Ballenger's assault and battery including, but not limited to, compensation for her emotional distress, compensation for costs associated with having to transfer to a different university, proper remedial actions regarding her claims, and the reasonable attorney fees' and costs she incurred. Plaintiff also seeks appropriate equitable relief to require VanderCook to take reports of sexual assault seriously and to educate its students, professors and staff about the protections afforded by Title IX.

**ANSWER**: Defendant admits Plaintiff is seeking damages, but denies she is entitled to same as to this Defendant. Defendant denies the remaining allegations of paragraph 3.

### Jurisdiction and Venue

4.     Plaintiff brings this action pursuant to Title IX of the Education Amendments Act of 1972, Section 901(a), 20 U.S.C. § 1681 *et seq*.

**ANSWER**: Defendant admits that Plaintiff attempts to assert a claim pursuant to Title IX of the Education Amendments Act of 1972, Section 901(a), 20 U.S.C. § 1681 et seq., but Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 4, and therefore neither admits nor denies the same, but demands strict proof thereof.

5.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

**ANSWER**: The allegations of paragraph 5 are but legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant states that it does not contest this Court's subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims alleged herein pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy stemming from the allegations that form the basis of the federal claims in this action.

**ANSWER**: The allegations of paragraph 6 are but legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant states that it does not contest the Court's supplemental jurisdiction over Plaintiff's state law claims against Defendant Ballenger

7.     Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the relevant events occurred within the Northern District of Illinois.

**ANSWER**: The allegations of paragraph 7 are but legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant states that it does not contest that venue is proper.

### The Parties

8.     Plaintiff is a former VanderCook student. At the time she was sexually assaulted by Ballenger and suffered the discrimination and retaliation alleged herein, Plaintiff was in her sophomore year at VanderCook.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and therefore neither admits nor denies the same, but demands strict proof thereof.

9.     Defendant VanderCook is an institution of higher education duly organized and existing under the laws of the State of Illinois. VanderCook is a recipient of federal funds within the meaning of 20 U.S.C. § 1681(a). VanderCook geographically lies within Cook County, Illinois, located on the campus of Illinois Institute of Technology (IIT). VanderCook's undergraduate class is comprised of approximately 100 students.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore neither admits nor denies the same, but demands strict proof thereof.

10.     Defendant Ballenger is a former VanderCook student. At the time he sexually assaulted and battered Plaintiff, Ballenger was in his sophomore year.

**ANSWER**: Defendant admits he is a VanderCook student, but denies the remaining allegations of Paragraph 10.

**Factual Allegations**

11.     In 2016, during her first year at VanderCook, Plaintiff met Ballenger at freshman orientation. Ballenger, a male VanderCook student, majored in music education. Plaintiff also majored in music education.

**ANSWER**: Defendant admits he met Plaintiff in 2016 at a freshman orientation, and that he is a male VanderCook student majoring in music education.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11.

12.     Due to VanderCook's small size and the fact that they were pursuing the same degree, Plaintiff and Ballenger were often in the same classes and at the same college-sponsored activities.

**ANSWER**: Admit.

13.     In September 2017, Plaintiff began her second year at VanderCook. Plaintiff resided with another female VanderCook student near campus.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore neither admits nor denies the same, but demands strict proof thereof.

14.     Ballenger, with three roommates, also resided in an apartment near campus.

**ANSWER**: Admit.

15.     On or about August 25, 2017, as the school year was getting underway, Plaintiff attended a party thrown by VanderCook students at Ballenger's apartment.

**ANSWER**: Defendant admits the allegations of paragraph 15 and adds that Plaintiff helped to coordinate and plan the party.

16.     During the gathering, Ballenger sexually assaulted Plaintiff while she was unconscious, at times asleep, and intoxicated.

**ANSWER**: Denied.

17.     On August 29, 2017, Plaintiff reported the sexual assault to the Chicago Police Department after being seen by a doctor at Rush Hospital.  Plaintiff was also referred to Rape

Victim Advocates (RVA), an independent, not-for-profit organization that provides resources and support for survivors of sexual violence.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and therefore neither admits nor denies the same, but demands strict proof thereof.

### *VanderCook's Response to Plaintiff's Report of Sexual Harassment*

18. On August 30, 2017, after speaking with an RVA counselor, Plaintiff reported the sexual assault directly to VanderCook by contacting Dr. I-Hsuan Tsai (Dr. Tsai), VanderCook's Title IX representative.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18, and therefore neither admits nor denies the same, but demands strict proof thereof.

19. On the same day, Dr. Tsai sent an email notifying Stacey Dolan, VanderCook's Dean of Undergraduate Studies (Dean Dolan), that Plaintiff had come forward with a Title IX report. Dr. Tsai later met with Dean Dolan and informed her that Plaintiff reported to Dr. Tsai that she was sexually assaulted at an off- campus party by Ballenger.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and therefore neither admits nor denies the same, but demands strict proof thereof.

20. Dean Dolan then emailed and met with Plaintiff. At the meeting, Plaintiff reported the details of the assault and provided the names of individuals who might have witnessed material events relating to the assault.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and therefore neither admits nor denies the same, but demands strict proof thereof.

21.     Dean Dolan discussed "immediate accommodations" including imposing a "No Contact" order and possibly changing Plaintiff's class schedule to protect Plaintiff from having to interact with Ballenger.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and therefore neither admits nor denies the same, but demands strict proof thereof.

22.     Dean Dolan explained, in response to Plaintiff's reporting, that an investigation with VanderCook's Standards Committee would take place. Dean Dolan also stated that the internal investigation would be comprised of a small committee to protect Plaintiff's privacy.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and therefore neither admits nor denies the same, but demands strict proof thereof.

23.     The initial meeting was the only time that Dean Dolan asked Plaintiff about the incident in question.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and therefore neither admits nor denies the same, but demands strict proof thereof.

24.     On the same day, August 30, 2017, Dean Dolan and Professor David Eccles (Professor Eccles) met with Ballenger.  Ballenger also provided a list of witnesses. During the meeting, Ballenger was instructed to have no contact with Plaintiff going forward.

**ANSWER**: Admit.

25.     For just two days between August 30, 2017 and September 5, 2017, VanderCook purportedly investigated Plaintiff's sexual assault report including meeting with students who attended the party.  During this time period, however, Plaintiff continued to be forced to see and interact with Ballenger in classes and college-sponsored required activities.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25, and therefore neither admits nor denies the same, but demands strict proof thereof.

26. Specifically, on August 31, 2017, between 10:30 am and 1:00 pm, Dean Dolan and Professor Eccles met with seven students and asked them to "explain their perspective of any events that occurred at the party" on August 25, 2017.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and therefore neither admits nor denies the same, but demands strict proof thereof.

27. On September 5, 2017, Dean Dolan and Professor Eccles met to "review the evidence and discuss any new evidence that may have been presented." No official Title IX hearing was conducted.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27, and therefore neither admits nor denies the same, but demands strict proof thereof.

28. On September 6, 2017, Plaintiff went to Dean Dolan's office after meeting with an IIT counselor. Plaintiff was very upset and reported to Dean Dolan that she was being harmed by the fact that the No Contact order was not being enforced and she was being required to see and interact with Ballenger in classes and required college-sponsored activities. Plaintiff stated to Dean Dolan that she "just couldn't do this" anymore and that she has "tried, but everything on this campus reminds [her] of [Ballenger]" and that she "can't make music with that monster."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28, and therefore neither admits nor denies the same, but demands strict proof thereof.

29. In response, Dean Dolan stated it was difficult to do anything to protect Plaintiff from having to interact or be in the same classes as Ballenger because it was a "small school." Dean Dolan provided Plaintiff with three options: (1) continue at VanderCook with "some" accommodations made to Ballenger's schedule; (2) withdraw from all but her theory and sightseeing courses; or (3) withdraw completely. Dean Dolan also stated during the meeting that the results from the investigation would be shared with Plaintiff and Ballenger early the next week.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29, and therefore neither admits nor denies the same, but demands strict proof thereof.

30.     On the following Monday, September 11, 2017, Plaintiff went to Dean Dolan's office and inquired again as to her options as well as the effect such options would have on her financial aid and other financial grants. Also during the meeting, Plaintiff requested an Independent Study for her music history class so that she would not have to attend class with Ballenger.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30, and therefore neither admits nor denies the same, but demands strict proof thereof.

31.     Dean Dolan stated that the school could not accommodate her request and indicated that Plaintiff needed to make a final decision with regard to the three options by Wednesday, September 13, 2017. Dean Dolan also made it clear that, if Plaintiff decided to leave school early, she would not receive any credit for the semester but would still be responsible for the semester's tuition.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31, and therefore neither admits nor denies the same, but demands strict proof thereof.

32.     The following day, September 12, 2017, Dean Dolan and Professor Eccles met to finalize their investigation and decide on sanctions for Ballenger.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32, and therefore neither admits nor denies the same, but demands strict proof thereof.

33.     At no time prior to the September 12, 2017 meeting did Professor Eccles meet with Plaintiff or interview her regarding the events in question.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33, and therefore neither admits nor denies the same, but demands strict proof thereof.

34.     At no time prior to the September 12, 2017 meeting did Dean Dolan or Professor Eccles give Plaintiff the opportunity to learn of what evidence Ballenger had presented or to rebut any such evidence or information.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and therefore neither admits nor denies the same, but demands strict proof thereof.

35.     At no time prior to the September 12, 2017 meeting did Dean Dolan or Professor Eccles convey to Plaintiff the information they had learned from their interviews of student witnesses or provide Plaintiff with the opportunity to rebut such evidence or information.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and therefore neither admits nor denies the same, but demands strict proof thereof.

36.     At no time prior to the September 12, 2017 meeting was there any informal or formal hearing regarding Plaintiff's sexual assault allegations against Ballenger.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36, and therefore neither admits nor denies the same, but demands strict proof thereof.

37.     Apparently, at the September 12, 2017 meeting, both Dean Dolan and Professor Eccles had determined, for unknown and unstated reasons, that "there was not a preponderance of the evidence against [Ballenger]" but that some educational and disciplinary sanctions need to be placed on him. The sanctions supposedly included:
    a.  online or in-person training on sexual misconduct;
    b.  stepping back from leadership positions for the fall semester to allow Ballenger adequate time to complete the sexual misconduct training;
    c.  a mediated meeting between Plaintiff and Ballenger "to begin the healing process"; and
    d.  the report of the incident to remain in Ballenger's official file until his completion of his degree program.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37, and therefore neither admits nor denies the same, but demands strict proof thereof.

### The Aftermath

38.     Plaintiff was not consulted on the final investigative findings, the final sanctions imposed on Ballenger or provided with any written documentation outlining the results of

VanderCook's supposed investigation. According to an email from Dean Dolan dated September 12, 2017, VanderCook was "not at liberty to discuss the sanctions placed on [Ballenger]."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38, and therefore neither admits nor denies the same, but demands strict proof thereof.

39.     As such, on September 12, 2017, Plaintiff contacted Life Span, an organization that provides counseling and advocacy for victims of sexual assault and domestic violence, to assist her with her options as VanderCook had failed to hold a Title IX hearing regarding her allegations and failed to provide her with a written report of its findings. After speaking with Plaintiff, Plaintiff's Life Span Advocate (Life Span Advocate) contacted VanderCook and scheduled a meeting with Dean Dolan.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 39, and therefore neither admits nor denies the same, but demands strict proof thereof.

40.     On September 14, 2017, Plaintiff's Life Span Advocate met with Dean Dolan and Plaintiff to go over the investigation and look into Plaintiff's options. Dean Dolan provided the Life Span Advocate with VanderCook's findings which found Ballenger "guilty but not guilty." Dean Dolan also provided the Life Span Advocate with the list of sanctions to be imposed on Ballenger. VanderCook's procedure did not provide for any "appeal" process.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 40, and therefore neither admits nor denies the same, but demands strict proof thereof.

41.     On September 15, 2017, after considering the options discussed again during the September 14, 2017 meeting, Plaintiff notified Dean Dolan via email of her intent to stay enrolled at VanderCook.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41, and therefore neither admits nor denies the same, but demands strict proof thereof.

42.     Following Plaintiff's report of the sexual assault, VanderCook failed to take the matter seriously and favored the perpetrator by, among other ways, ignoring numerous requests to

enforce the No Contact order. In fact, during a meeting with Plaintiff, Dean Dolan claimed the sexual assault was just "a misunderstanding" and noted that Ballenger "cried during the investigation process."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42, and therefore neither admits nor denies the same, but demands strict proof thereof.

43.     Ballenger violated the No Contact order by, among other ways, signing up for a pep band extracurricular activity after Plaintiff had already signed up, by having his friends videoconference him to watch a friend's live recital performance despite being instructed not to attend the recital because Plaintiff would be present, and sitting directly in front of Plaintiff in class on multiple occasions.

**ANSWER**: Defendant denies all allegations in paragraph 43.

44.     Plaintiff reported the violations of the No Contact order to Vandercook, in writing and orally, on numerous occasions. VanderCook, however, failed to take prompt and equitable responses to Plaintiff's complaints.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44, and therefore neither admits nor denies the same, but demands strict proof thereof.

45.     For example, on or about October 2, 2017, Plaintiff met with Dean Dolan after having sent Dean Dolan an email in which Plaintiff reported that Ballenger was not adhering to the No Contact order that was supposedly in place. During the meeting, Dean Dolan became hostile towards Plaintiff and made statements to the effect of "Why are you blaming and attacking the school, it is not the school's fault that there were drugs and alcohol at the party [where Plaintiff was sexually assaulted]" and "there is nothing else the school can do for you." Dean Dolan also asked Plaintiff "why she was so angry" and recommended that "instead of being angry you should use that energy to focus and better yourself."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45, and therefore neither admits nor denies the same, but demands strict proof thereof.

46.     Plaintiff was continually harassed and retaliated against by fellow students who were the perpetrator's friends. Plaintiff reported to Dean Dolan in writing several incidents of harassment and retaliation by students. VanderCook failed to adequately investigate Plaintiff's reports and failed to protect Plaintiff from further ongoing harassment and retaliation.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 46, and therefore neither admits nor denies the same, but demands strict proof thereof.

47. By way of example, on October 12, 2017, it was brought to Dean Dolan's attention via email that friends of Ballenger were harassing Plaintiff by making inappropriate and aggressive comments. In response, Dean Dolan stated she would talk to the students. However, Dean Dolan failed to follow up with Plaintiff or otherwise take corrective action.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47, and therefore neither admits nor denies the same, but demands strict proof thereof.

48. Plaintiff's professors began to ignore her when they saw her around campus. They also reprimanded Plaintiff for being absent, despite being instructed to provide Plaintiff with certain accommodations in light of her situation.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48, and therefore neither admits nor denies the same, but demands strict proof thereof.

49. VanderCook also failed to timely provide Plaintiff with access to information regarding its purported investigation and findings despite repeated assurances made to Plaintiff's Life Span Advocate that it would do so.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49, and therefore neither admits nor denies the same, but demands strict proof thereof.

50. On November 2, 2017, after avoiding Plaintiff's Life Span Advocate's phone calls for more than one month, Plaintiff and her Life Span Advocate were finally permitted to review VanderCook's final report in person.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50, and therefore neither admits nor denies the same, but demands strict proof thereof.

51.     The final report stated that at the time of the sexual assault, Plaintiff was intoxicated and Ballenger was not intoxicated but it was determined that there was insufficient evidence to support Plaintiff's allegations or a lack of consent to sexual intercourse.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 51, and therefore neither admits nor denies the same, but demands strict proof thereof.

52.     This was contrary to VanderCook's written Harassment Policy which defines "Consent." The Harassment Policy provides, in relevant part, "that a person is unable to provide consent or give knowing consent if the person is: incapacitated due to alcohol or drugs or asleep."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52, and therefore neither admits nor denies the same, but demands strict proof thereof.

53.     Plaintiff's Life Span Advocate had several conversations with Dean Dolan and VanderCook's President Dr. Rosanne Rosenthal (President), concerning the investigation, VanderCook's findings and Ballenger's violations of the No Contact order.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42, and therefore neither admits nor denies the same, but demands strict proof thereof.

54.     During one conversation, the President referred to Plaintiff as "being paranoid" and stated that she "feel[s] bad for the perp because he comes into [her] office crying." Furthermore, in response to Plaintiff's concerns about the No Contact order not being enforced, the President stated "[I]t's a small school. It's not like I can kick him out."

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54, and therefore neither admits nor denies the same, but demands strict proof thereof.

55.     Plaintiff suffered tremendous mental anguish while still at the school and attended therapy to help her cope with the stress, anxiety and panic attacks she was suffering from arising out of these events.  Plaintiff suffered incapacitating circumstances consisting of depression, anxiety, stress, difficulty sleeping, panic attacks, flashbacks (of the sexual assault), difficulty focusing and PTSD.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55, and therefore neither admits nor denies the same, but demands strict proof thereof.

56.    Plaintiff kept running into Ballenger on campus, in classes, in buildings and hallways and in other areas around campus.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56, and therefore neither admits nor denies the same, but demands strict proof thereof because Plaintiff does not specify dates or even a timeframe that these alleged run ins occurred.

57.    After knowing that Ballenger was not removed from the campus, Plaintiff felt extremely unsafe and experienced panic attacks and severe distress. These experiences prevented Plaintiff from being able to attend her scheduled classes and resulted in her falling behind in her classwork.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 57, and therefore neither admits nor denies the same, but demands strict proof thereof.

58.    Frustrated by VanderCook's inaction to and its refusal to take disciplinary action against Ballenger, on December 11, 2017, Plaintiff ultimately withdrew and transferred to a different college.  Plaintiff lost a $7,500 grant from VanderCook.  Plaintiff is now required to attend school for an additional year because her credits from VanderCook did not transfer.  Plaintiff has also lost the opportunity to obtain grants (MAP, MTI) because they only apply to four years of college.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58, and therefore neither admits nor denies the same, but demands strict proof thereof.

***VanderCook failed to adopt and implement essential Title IX and Sexual Harassment and Assault policies and procedure and failed to provide essential Title IX and Sexual Harassment and Assault training or instruction to administrators, staff and students.***

59.     In 1998, the U.S. Supreme Court stated, "[t]he number of reported cases involving sexual harassment of students in schools confirms that harassment unfortunately is an all too common aspect of the educational experience." *Gebser v. Lago Vista Indep. Sch. Dist*., 524 U.S. 274, 292 (1998).

**ANSWER**: The allegations of paragraph 59 are but legal conclusions to which no answer

is required.

60.     In 1999, the U.S. Supreme Court determined that schools may be held liable in private Title IX actions for monetary damages when they are deliberately indifferent to studentagainst-student sexual misconduct and harassment. *See Davis v. Monroe Cnty. Bd. of Educ*., 526 U.S. 629 (1999). The Court stated deliberate indifference may be shown when a school makes no effort to investigate or put an end to student-against-student sexual harassment. *Id*. at 654.

**ANSWER**: The allegations of paragraph 60 are but legal conclusions to which no answer

is required.

61.     In January 2001, the U.S. Department of Education Office for Civil Rights ("OCR") issued Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties ("2001 OCR Guidance"), informing all U.S. schools receiving Federal financial assistance, including School Defendants, that "[p]reventing and remedying sexual harassment in schools is essential to ensuring a safe environment in which students can learn." OCR reminded schools that student-against-student sexual misconduct constitutes prohibited sexual harassment.

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph

61, and therefore neither admits nor denies the same, but demands strict proof thereof.

62.     OCR also stated: "[S]chools need to ensure that employees are trained so that those with authority to address harassment know how to respond appropriately, and other responsible employees know that they are obligated to report harassment to appropriate school officials. Training for employees should include practical information about how to identify harassment and, as applicable, the person to whom it should be reported."

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 62, and therefore neither admits nor denies the same, but demands strict proof thereof.

63.     The 2001 OCR Guidance stated, with respect to student-against-student sexual harassment: "If a student sexually harasses another student and the harassing conduct is sufficiently serious to deny or limit the student's ability to participate in or benefit from the program, and if the school knows … about the harassment, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence.... [I]f, upon notice, the school fails to take prompt, effective action, the school's own inaction has permitted the student to be subjected to a hostile environment that denies or limits the student's ability to participate in or benefit from the school's program on the basis of sex."

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63, and therefore neither admits nor denies the same, but demands strict proof thereof.

64.     In January 2006, OCR issued Dear Colleague Letter - Sexual Harassment Issues, to U.S. public schools, including School Defendants, stating, "[u]nfortunately, a significant number of students are still subjected to sexual harassment, which can interfere with a student's education as well as his or her emotional and physical well-being." OCR reminded public schools of their obligation "to take immediate and effective steps to end sexual harassment when it occurs, prevent its recurrence, and remedy its effects."

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64, and therefore neither admits nor denies the same, but demands strict proof thereof.

65.     In September 2008, OCR issued Sexual Harassment: It's Not Academic, reiterating that unwelcome student-against-student sexual touching is sexual harassment, and that sexual harassment includes rape, sexual assault, dating violence, and sexually motivated stalking.

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65, and therefore neither admits nor denies the same, but demands strict proof thereof.

66.     On April 4, 2011, OCR sent Dear Colleague Letter: Sexual Violence ("2011 OCR Guidance"), to all U.S. public schools that issued a "call to action" to the nation's schools because

of "deeply troubling" data regarding school-place sexual violence. OCR informed schools, "[d]uring the 2007-2008 school year, there were 800 reported incidents of rape and attempted rape and 3,800 reported incidents of other sexual batteries at public high schools." The Guidance stated, "[a] number of different acts fall into the category of sexual violence, including rape, sexual assault, sexual battery, and sexual coercion. All such acts of sexual violence are forms of sexual harassment covered under Title IX."

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph

66, and therefore neither admits nor denies the same, but demands strict proof thereof.

67.    The 2011 OCR Guidance reminded schools they have an obligation to investigate reports of sexual harassment, must designate at least one employee to coordinate and comply with Title IX responsibilities, and recommended schools provide training and education to employees and students on sexual harassment and violence.

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph

67, and therefore neither admits nor denies the same, but demands strict proof thereof.

68.    On April 24, 2013, OCR sent Dear Colleague Letter: Retaliation, to all U.S. public schools, reminding them they may not retaliate against students or parents who complain to a school about a civil rights violation like sexual discrimination.

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph

68, and therefore neither admits nor denies the same, but demands strict proof thereof.

69.    On April 24, 2015, OCR sent Dear Colleague Letter: Title IX Coordinators, and issued a Title IX Resource Guide, to all U.S. public schools. OCR reminded schools of their obligation to designate at least one employee as a Title IX Coordinator who is responsible for coordinating the school's efforts to comply with and carry out the school's Title IX responsibilities, pursuant to 34 C.F.R. § 106.8(a). OCR stated, "In our enforcement work, OCR has found that some of the most egregious and harmful Title IX violations occur when a recipient fails to designate a Title IX coordinator or when a Title IX coordinator has not been sufficiently trained or given the appropriate level of authority to oversee the recipient's compliance with Title IX."

17

**ANSWER**: Defendant states that the cited text speaks for itself, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69, and therefore neither admits nor denies the same, but demands strict proof thereof.

70. On August 21, 2015, the Illinois Preventing Sexual Violence in Higher Education Act, Public Act 099-0426, was signed into law. The new law imposed a number of requirements on higher education institutions, including VanderCook, related to their policies, procedures, provision of services and responses to sexual violence between students. The Act requires that VanderCook, among other things:
   a. Incorporate particular timeframes into their procedures for notifying parties of key stages of the proceedings;
   b. Provide survivors of sexual violence with a concise notification of the survivor's rights and options containing the particular requirements set forth in the Act;
   c. Include an appeal process that contains particular grounds for appeal as set forth in the Act; and,
   d. Provide specific sexual violence primary prevention and awareness programming, including annual training, for all students who attend one or more classes on campus as set forth in the Act, and provide each student with copies of its comprehensive policy, procedures, and related protocols.

*See* 110 ILCS 155.

**ANSWER**: The allegations of paragraph 70 are but legal conclusions to which no answer is required.

71. Based upon information and belief, despite clear notice by the U.S. Supreme Court, OCR and Illinois law, regarding VanderCook's obligations to prevent and remediate the effects of sexual harassment, at all times relevant hereto VanderCook failed to provide training or education to administrators, staff, students, regarding Title IX, student-against-student sexual harassment, or retaliation against students who report sexual harassment.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 71, and therefore neither admits nor denies the same, but demands strict proof thereof.

72. Based upon information and belief, VanderCook, at all times relevant hereto, failed to provide training or education to administrators, staff, and students on protecting students from sexual harassment and violence, interviewing victims and potential witnesses of sexual harassment, investigating reports of sexual harassment, implementing a clear and concise appeal process, notifying victims of sexual assault of their rights and options, remediating sexual harassment and violence, proper reporting of suspected sexual harassment or violence to VanderCook's employees, and prohibition on retaliating against students who report sexual harassment.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 72, and therefore neither admits nor denies the same, but demands strict proof thereof.

73.     Based on information and belief, VanderCook, at all times relevant hereto, failed to incorporate or implement into its policies, procedures or practices: particular timeframes for notifying parties of key stages in the sexual harassment and assault investigation and proceeding; providing survivors of sexual violence with a concise notification of survivor's rights and options; an appeal process that contained particular grounds for an appeal; and/or a specific sexual violence primary prevention and awareness program which included annual training for all students and providing students with copies of its comprehensive policy, procedures, and related protocols.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73, and therefore neither admits nor denies the same, but demands strict proof thereof.

74.     At all times relevant hereto, VanderCook's officially adopted sexual harassment and sexual assault policies and procedures were inequitable and inadequate with respect to investigating and properly responding to reports of student-against-student sexual harassment, and, in any event, based upon information and belief, VanderCook failed to provide training or education on those policies to administrators, staff, and students.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74, and therefore neither admits nor denies the same, but demands strict proof thereof.

### COUNT I Deliberate Indifference in Violation of Title IX
### (*Defendant VanderCook*)

**Defendant does not answer the allegations of Count I because this Count is not asserted against Defendant.**

### COUNT II Retaliation in Violation of Title IX
### (*Defendant VanderCook*)

**Defendant does not answer the allegations of Count II because this Count was dismissed by the Court on March 2, 2020, and it was not asserted against Defendant.**

## COUNT III Assault
### (*Defendant Ballenger*)

110.    For paragraph 111, Plaintiff incorporates by reference ¶¶1-110.

**ANSWER**: Defendant repeats and incorporates herein by reference his answers to the allegations of paragraphs 1 through 109 as his answers to paragraph 110 as if fully set forth herein.

111.    Ballenger intentionally and unlawfully threatened Plaintiff with bodily injury by force with the apparent present ability to cause such bodily injury and caused Plaintiff to reasonably fear imminent peril.

**ANSWER**: Defendant denies all allegations made in paragraph 111.

112.    Ballenger acted willfully, with actual malice, and with deliberate violence

**ANSWER**: Defendant denies all allegations made in paragraph 112.

113.    Ballenger acted with specific intent to injure Plaintiff.

**ANSWER**: Defendant denies all allegations made in paragraph 113.

114.    Ballenger specifically intended to injure Plaintiff by causing Plaintiff to reasonably fear imminent peril by threatening her with bodily injury with the apparent and present ability to cause such bodily injury.

**ANSWER**: Defendant denies all allegations made in paragraph 114.

115.    As a direct and proximate result of this assault, Plaintiff sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to:
   a. Past, present, and future physical and psychological pain, suffering and impairment;
   b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;
   c. Impaired educational capacity;
   d. Attorneys' fees and costs; and
   e. Such other and further relief as this Court deems just and proper.

**ANSWER**: Defendant denies all allegations made in paragraph 115.

Wherefore, Defendant, Eric Ballenger, denies that Plaintiff Erika Pogorzelska is entitled to any judgment against this Defendant, and requests judgment in favor of this Defendant, and for his costs, and to the extent allowable, his attorneys' fees.

## Count IV Battery
### (*Defendant Ballenger*)

116.    For paragraph 117, Plaintiff incorporates by reference ¶¶1-116.

**ANSWER**: Defendant repeats and incorporates herein by reference his answers to the allegations of paragraphs 1 through 115 as his answers to paragraph 116 as if fully set forth herein.

117.    As alleged herein, Ballenger intentionally made violent, harmful, and offensive contact with Plaintiff by, among other ways, sexually assaulting Plaintiff while asleep, unconscious and intoxicated.

**ANSWER**: Defendant denies all allegations made in paragraph 117.

118.    Ballenger acted willfully, with actual malice, and with deliberate violence.

**ANSWER**: Defendant denies all allegations made in paragraph 118.

119.    Ballenger acted with the specific intent to injure Plaintiff.

**ANSWER**: Defendant denies all allegations made in paragraph 119.

120.    Ballenger intended to injure Plaintiff by making violent, harmful and offensive contact with her.

**ANSWER**: Defendant denies all allegations made in paragraph 120.

121.    As a direct and proximate result of this battery, Plaintiff sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to:
   a. Past, present, and future physical and psychological pain, suffering and impairment;
   b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;
   c. Impaired educational capacity;
   d. Attorneys' fees and costs; and
   e. Such other and further relief as this Court deems just and proper.

**ANSWER**: Defendant denies the allegation of battery, and Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 121, and therefore neither admits nor denies the same, but demands strict proof thereof.

Wherefore, Defendant, Eric Ballenger, denies that Plaintiff Erika Pogorzelska is entitled to any judgment against this Defendant, and requests judgment in favor of this Defendant, and for his costs, and to the extent allowable, his attorneys' fees.

### AFFIRMATIVE DEFENSE

Further answering the Complaint, and as an additional defense thereto, Defendant incorporates by reference the foregoing answers as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on the Plaintiff as a matter of applicable substantive or procedural law, and further alleges for his affirmative defense as follows:

### First Affirmative Defense (Consent)

1.      Plaintiff's claims against Defendant are barred in whole because at all times relevant, any alleged contact made by or between Plaintiff and Defendant was consensual, and was initiated by Plaintiff.

### RESERVATION OF RIGHTS

Defendant reserves his right to add additional, or amend existing, affirmative defenses and file cross-claims or counterclaims upon the completion of discovery and as justice requires.

Wherefore, Defendant, Eric Ballenger, denies that Plaintiff Erika Pogorzelska is entitled to any judgment against this Defendant, and requests judgment in favor of this Defendant, and for his costs, and to the extent allowable, his attorneys' fees.

Respectfully submitted,

By:     /s/ Mark Galler
Mark Galler Law, LLC
1010 Lake St. Ste. 200
Oak Park, IL 60301
T: (708) 406-9797
Mark@mgallerlaw.com
Atty. No. 6317159

**<u>CERTIFICATE OF SERVICE</u>**

I, Mark Galler, an attorney, hereby certify on May 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

By:    <u>/s/ Mark Galler         </u>
             Mark Galler Law, LLC
             1010 Lake St. Ste. 200
             Oak Park, IL 60301
             T: (708) 638-1662
             Mark@mgallerlaw.com
             Atty. No. 6317159