**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIKA POGORZELSKA, | ) |
| Plaintiff, | ) |
| v. | ) No. 19 CV 5683 |
| VANDERCOOK COLLEGE OF MUSIC, | ) Judge Marvin E. Aspen |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff, Erika Pogorzelska, seeks leave to file a Second Amended Complaint to add a claim under the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 60/1 *et seq.* ("CRRRA"). For the following reasons, we grant Plaintiff's motion.

**BACKGROUND**

Plaintiff filed this action in August 2019. She alleges in her sole remaining claim that her school, Defendant VanderCook College of Music ("VanderCook"), violated Title IX of the Education Amendments of 1972 ("Title IX") by its deliberate indifference to her allegations that she was sexually assaulted and battered by a classmate. In her original and amended complaints (Dkt. Nos. 1 & 52), Plaintiff sought, among other things, damages to compensate for emotional distress, and the parties litigated this case for more than two years with the belief that such damages were recoverable should Plaintiff prevail on her Title IX claim. Things changed, however, on April 28, 2022, when the United States Supreme Court decided in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230, that "emotional distress damages are not recoverable" in actions to enforce the Rehabilitation Act of 1973 and the Patient Protection and Affordable Care

Act. The Supreme Court reasoned that such antidiscrimination statutes enacted under the Spending Clause of the Constitution are analogous to contracts, the breach of which traditionally does not give rise to emotional-distress damages, so courts addressing the availability of such damages post-*Cummings* have applied its holding to Title IX claims. *See, e.g.*, *Van Overdam v. Tex. A & M Univ.*, No. 4:18-cv-02011, 2024 WL 115229, at *2-3 (S.D. Tex. Jan. 10, 2024); *Doe v. Oberlin Coll.*, No. 1:20-cv-0669, 2023 WL 4460658, at *3 (N.D. Ohio June 16, 2023); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022). Consequently, on December 21, 2023, VanderCook filed motions *in limine* that include a motion to bar evidence relating to emotional distress. (Def.'s Mots. *in Limine* (Dkt. No. 182) at 2-4.)

Things changed yet again on January 1, 2024, when the CRRRA went into effect. Its stated purpose is "to restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in its decision in *Cummings*." 775 ILCS 60/10 (italics added). The statute provides that a violation of Title IX, among other federal statutes, is also a violation of the CRRRA, for which damages for "emotional pain, suffering, . . . mental anguish, and loss of enjoyment of life" are available. 775 ILCS 60/15, 20. On January 29, 2024, Plaintiff filed the instant motion under Federal Rule of Civil Procedure 15(a) for leave to amend her complaint solely to add a claim under the CRRRA. (Dkt. No. 189.)

## DISCUSSION

A district court should "freely" give a plaintiff leave to amend her complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). We must allow a requested amendment unless there is good reason to deny it; good reasons include undue delay, bad faith, futility, and undue prejudice. *See Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019). VanderCook opposes Plaintiff's motion on two grounds: futility and undue prejudice.

2

A. **Futility**

VanderCook asserts that amendment would be futile because the facts underlying this case occurred in 2017, and the CRRRA "is not retroactive." (Def.'s Resp. (Dkt. No. 200) at 3.) According to VanderCook, the CRRRA does not apply retroactively because (1) the statute itself does not so state, and (2) it represents a "substantive" change in the law. (*Id.* at 3-5.) In reply, Plaintiff argues that the plain language of the CRRRA provides for retroactive application, and alternatively that the statute applies retroactively because it changes remedies but not substantive rights. (Pl.'s Reply (Dkt. No. 204) at 2-5.)

Under Illinois law, unless the legislature has "clearly indicated" that a statute will apply retroactively, statutes "that are procedural in nature may be applied retroactively, while those that are substantive may not." *Caveney v. Bower*, 797 N.E.2d 596, 602 (Ill. 2003); *see also Perry v. Dep't of Fin. & Prof'l Regul.*, 2018 IL 122349, ¶ 46 ("[W]here our legislature has not expressly indicated the temporal reach of a change in law, we look to whether the change is procedural or substantive . . . ."); *Allegis Realty Inv'rs v. Novak*, 860 N.E.2d 246, 252-54 (Ill. 2006). The focus is on legislative intent. *Perry*, 2018 IL 122349, ¶ 46.

The CRRRA is just three months old, and as far as we can discern, its retroactivity is an issue of first impression. Plaintiff contends that the Illinois legislature communicated its clear intent to make the CRRRA retroactive through the statute's textual references to emotional-distress damages having been available "[f]or decades" for individuals "whose civil rights have been violated," 775 ILCS 60/5(a), (c), as well as the statute's stated purpose to "restore" in Illinois "the full enjoyment of the civil rights unjustly limited" by *Cummings*, 775 ILCS 60/10. (Pl.'s Reply at 3.) We are unpersuaded. That language neither clearly nor expressly prescribes the CRRRA's temporal reach. As the Illinois Supreme Court observed in *Perry*, "the legislature is undoubtedly

3

aware of how to clearly indicate its intent that a statute apply to causes of action currently pending in the courts." 2018 IL 122349, ¶ 66 (citing decisions involving statutory provisions stating, for instance, that they applied to "all causes of action that have accrued, will accrue, or are currently pending" and "all cases pending on or after the effective date of this amendatory Act"). The legislature did not do so in the CRRRA, and Plaintiff cites no authority for the proposition that its expression of an intent to restore a remedy and usage of the past tense in the disapproval of the decision it addresses can be treated as a clear statement of an intent to reach cases that arose before the statute's enactment.

Because the CRRRA is silent as to its retroactive application, we must next consider whether the statute works a procedural or substantive change in law. *See Perry*, 2018 IL 122349, ¶ 68. VanderCook submits that the statute "substantively . . . restor[es] a right to emotional distress damages going forward while conceding it is a right that, after *Cummings*, was not available," (Def.'s Resp. at 4-5), but fails to develop this reasoning or support it with citation to authority. Plaintiff, on the other hand, maintains that the CRRRA affects only the remedy for preexisting rights under statutes like Title IX; it does not change whether such a claim would accrue. (Pl.'s Reply at 4-5.) Plaintiff cites Illinois cases to the effect that "statutes or amendments which relate only to remedies or forms of procedure are given retrospective application." (*Id.* at 4 (quoting *Shoreline Towers Condo. Ass'n v. Gassman*, 936 N.E.2d 1198, 1207-08 (Ill. App. Ct. 2010), and citing other cases).)

The Illinois Supreme Court has remarked that "distinguishing between procedural and substantive changes can sometimes be unclear," *Perry*, 2018 IL 122349, ¶ 69, but Plaintiff has the better of the argument. The section of the CRRRA in which the Illinois legislature set out its findings indicates that the legislature intended to reestablish "the *full range of remedies* once

4

available" for violations of Spending Clause antidiscrimination statutes. 775 ILCS 60/5(c) (emphasis added). As Plaintiff points out, liability under the CRRRA is derivative of liability under Title IX and similar statutes, 775 ILCS 60/15, and the CRRRA merely expands available remedies without affecting the accrual of a claim under those statutes. Changes to remedies are considered procedural under Illinois law. *Perry*, 2018 IL 122349, ¶ 71 ("courts can apply retroactively statutory changes to . . . remedial provisions"); *White v. Sunrise Healthcare Corp.*, 692 N.E.2d 1363, 1367-69 (Ill. App. Ct. 1998) (stating that "[a] change in the law that affects merely procedures or remedies will ordinarily be applied to existing rights of action" and determining that a statutory amendment eliminating "a species of punitive damages" fell on the "procedure" "side of the divide"); *Brandl v. Superior Air-Ground Ambulance Serv., Inc.*, No. 09 C 6019, 2012 WL 7763427, at *2 (Dec. 7, 2012) (applying Illinois law and holding that a statutory-damage provision added to state wage-payment statute was procedural and therefore retroactive). Accordingly, we conclude that the CRRRA applies retroactively to this controversy, so the proposed amendment to Plaintiff's complaint would not be futile.

**B.    Undue Prejudice**

VanderCook also argues that allowing Plaintiff's CRRRA claim would cause it undue prejudice in light of the fact that additional discovery would be needed. VanderCook explains that discovery was proceeding at the time *Cummings* was issued. Thereafter, "several of Plaintiff's non-retained experts on emotional damages were never deposed and VanderCook did not disclose any expert on emotional damages." (Def.'s Resp. at 5.) Those decisions, VanderCook says, "were made in part because there was no need to depose or disclose them in the wake of" *Cummings*. (*Id.*) VanderCook further asserts that if we grant Plaintiff's motion, unfair prejudice could be avoided by reopening discovery "as to Plaintiff's alleged emotional damages including but not

limited to depositions of Plaintiff's non-retained experts, examination of Plaintiff by an expert of VanderCook's choosing, and disclosure of VanderCook's own expert on these alleged damages." (*Id.* at 6.) Plaintiff contends in reply that "extensive" fact and opinion discovery on emotional-distress damages was conducted before *Cummings* was decided and any prejudice to VanderCook can be overcome through a limited reopening of discovery.[1] (Pl.'s Reply at 6-7, 9.)

Virtually every amendment to a complaint results in some degree of prejudice to the defendant in that the potential for additional discovery or a delay in the trial date can arise. *See, e.g., Barwin v. Vill. of Oak Park*, No. 14 C 6046, 2020 WL 136304, at *7 (N.D. Ill. Jan. 13, 2020). To justify denying amendment, then, the resulting prejudice must be "undue." *Id.* Undue prejudice may occur where the amendment would bring "entirely new and separate claims," add new parties, entail more than an alternative claim or change in the allegations, or require expensive and time-consuming additional discovery. *Id.* The nonmovant bears the burden of demonstrating undue prejudice. *Id.*

It is true that this proceeding is past the discovery and summary-judgment stages; the parties have briefed pretrial motions *in limine*. But the addition of a CRRRA claim will not cause any concrete delay because we have not yet ruled on those motions or set a trial date. Moreover, the CRRRA claim does not change the factual allegations, nor do we consider it "entirely new"; the emotional-distress damages Plaintiff seeks under the statute were available when she initiated this suit and during a significant part of its pendency, as well as the subject of a considerable

---

[1] Plaintiff also argues, without citation to authority, that VanderCook waived its right to any further discovery on emotional distress by failing to take action to protect this right "or to clarify whether the [CRRRA] applied to the case to ensure its rights were protected" after June 2023 (when we denied VanderCook's motion for summary judgment as to Plaintiff's deliberate-indifference claim and the Illinois legislature passed the CRRRA). (Pl.'s Reply at 8-9.) We are not convinced; the onus was not on VanderCook at that stage of the case to seek clarification as to whether a newly enacted but not yet effective state statute was in play.

amount of discovery that was completed. (*See* Pl.'s Reply at 6-7 (setting forth completed written and deposition discovery).) The remaining discovery VanderCook seeks with regard to emotional distress does not strike us as extensive or unduly time-consuming; in any event, VanderCook makes no attempt to demonstrate that it would be.

Because VanderCook fails to show futility or undue prejudice, we will permit Plaintiff to file a Second Amended Complaint to add a claim for violation of the CRRRA. We will also reopen discovery for the limited purpose of allowing discovery on the issue of Plaintiff's alleged damages for emotional distress.

## CONCLUSION

Plaintiff's motion for leave to amend the complaint *instanter* [189] is granted. Plaintiff shall promptly file a Second Amended Complaint in accordance with this order. Discovery is reopened for the limited purpose of allowing discovery on the issue of Plaintiff's alleged damages for emotional distress. Discovery matters are re-referred to the Magistrate Judge.

_____
Marvin E. Aspen
United States District Judge

Date: April 11, 2024