IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIKA POGORZELSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 CV 5683 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| VANDERCOOK COLLEGE OF MUSIC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Before us are ten motions in limine filed by the Plaintiff, Erika Pogorzelska, and ten motions in limine filed by the Defendant, VanderCook College of Music ("VanderCook"). For the following reasons, Plaintiff's motions in limine 1, 2, 3, 4, 5, 6, 8a, 10, and 11 and Defendant's motions in limine 6, 7, 8, 9, and 10 are granted; Plaintiff's motion in limine 7 and Defendant's motions in limine 3, 4, and 5 are denied; Plaintiff's motions in limine 8b, 8c, 8d, and 8e and Defendant's motion in limine 1 are granted in part and denied in part; and Defendant's motion in limine 2 is granted by agreement in part and withdrawn in part.[1]

**BACKGROUND**

Plaintiff filed this action in August 2019. She alleges in her remaining claims that VanderCook, a school she attended, violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, and the Illinois Civil Rights Remedies Restoration Act ("CRRRA"), 775 ILCS 60/1 *et seq.*, by its deliberate indifference to her allegations that she was

---

[1] Plaintiff did not file a motion in limine 9; her motion brief, Docket Number 181, skips from motion in limine 8 to motion in limine 10.

sexually assaulted and battered by a classmate, former defendant Eric Ballenger,[2] and subsequently harassed. The parties are currently conducting reopened discovery on Plaintiff's alleged damages for emotional distress. Prior to the reopening of discovery, the parties filed pretrial motions in limine, which are fully briefed.

## LEGAL STANDARD

We have broad discretion, pursuant to our "inherent authority to manage the course of trials," in ruling on questions presented in motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Rulings on motions in limine allow us to perform a gatekeeping function and "eliminate from further consideration evidentiary submissions that . . . clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see also Hill v. City of Chi.*, No. 06 C 6772, 2011 WL 2637204, at *1 (N.D. Ill. July 6, 2011). Where an evidentiary submission "cannot be evaluated accurately or sufficiently" before trial, we must "defer ruling until during trial." *Jonasson*, 115 F.3d at 440. Rulings on motions in limine are "subject to change when the case unfolds," so we reserve the option of revisiting our preliminary evidentiary determinations as appropriate at trial. *See Luce*, 469 U.S. at 41-42.

## ANALYSIS

**A.    Unopposed Motions in Limine**

In Plaintiff's motions in limine 1, 2, 4, and 11, Plaintiff seeks orders (1) excluding evidence of settlement-related events and communications between the parties; (2) excluding non-party witnesses from the courtroom until called to testify; (3) excluding statements that a verdict in

---

[2]    The claims against Ballenger were dismissed in April 2022 pursuant to settlement. (Dkt. No. 107.)

2

Plaintiff's favor would have a negative effect on Defendant, its professors, or its students; and (4) permitting her to use leading questions on direct examination of Professor David Eccles. (Pl.'s Mots. in Limine ("Pl.'s Mots.") (Dkt. No. 181) at 3-4, 5-6, 14-15.) Defendant does not oppose these motions. (Def.'s Resp. Pl.'s Mots. ("Def.'s Resp.") (Dkt. No. 187) at 1.) We therefore grant Plaintiff's motions in limine 1, 2, 4, and 11.

In Defendant's motions in limine 6, 7, 8, 9, and 10, Defendant seeks orders excluding (1) references to Defendant's liability insurance; (2) non-party witnesses from the courtroom except when called to testify; (3) references to the size or relative size of the law firms involved in this case; (4) references to Plaintiff's retaliation claim (as to which we granted Defendant's motion for summary judgment); and (5) references to any lien or setoff against Plaintiff's recovery. (Def.'s Mots. in Limine ("Def.'s Mots.") (Dkt. No. 182) at 8-9.) Plaintiff does not oppose these motions. (Pl.'s Resp. Def.'s Mots. ("Pl.'s Resp.") (Dkt. No. 188) at 1.)[3] Therefore, we grant Defendant's motions in limine 6, 7, 8, 9, and 10.

**B.      Plaintiff's Opposed Motions in Limine**

    **1.      Plaintiff's Motion in Limine 3**

Plaintiff seeks an order precluding any reference to her fee arrangement with her lawyers or her ability to obtain an award of reasonable attorney's fees and expenses should she prevail at trial. She contends that this evidence is irrelevant, and even if it were relevant, it should be excluded under Federal Rule of Evidence 403 because its minimal probative value is substantially

---

[3] In its motion in limine 9, Defendant seeks to bar evidence of Plaintiff's retaliation claim because Defendant was granted summary judgment on that claim. In response, Plaintiff states that while she does not oppose motion in limine 9 in that she "does not intend to discuss" the retaliation claim, "to the extent that Defendant is seeking to bar introduction of relevant facts to the remaining claim in the case, whether or not those facts [] also relate to" the retaliation claim, Defendant's motion should be denied. (Pl.'s Resp. at 1 n.1.) Defendant does not reply, so it appears that it is not seeking to bar such evidence at this juncture.

3

outweighed by the danger of unfair prejudice, confusion, and the possibility of misleading the jury. (Pl.'s Mots. at 4-5.) In response, Defendant does not address either argument but objects on the ground that "this issue should be clarified by appropriate jury instructions on damages that should mention that the jury need not consider attorney's fees in determining damages." (Def.'s Resp. at 1.) Defendant does not cite authority or any particular pattern jury instruction. By failing to respond to Plaintiff's arguments, Defendant waives the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Moreover, we agree with Plaintiff that her fee arrangement and the potential for a fee award are topics that are not relevant to any fact that will be determined by the jury. *See, e.g.*, *Valdez v. Lowry*, No. 18 C 5434, 2021 WL 5769533, at *11 (N.D. Ill. Dec. 5, 2021); *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2015 WL 14071991, at *4 (N.D. Ill. July 12, 2015). Plaintiff's motion in limine 3 is therefore granted.

  **2.  Plaintiff's Motion in Limine 5**

Plaintiff seeks to bar Defendant from eliciting evidence that certain former and current VanderCook employees, including but not limited to Undergraduate Dean Stacey Dolan, Professor David Eccles, Dr. I-Hsuan Tsai, and Dr. Roseanne Rosenthal, are good professors or administrators or "highly ethical" individuals; never discriminated against students or colleagues; and received awards or good performance reviews. Plaintiff asserts that in addition to being irrelevant, such evidence is inadmissible as improper character evidence under Federal Rule of Evidence 404(a), and even if it were relevant, it should be excluded under Federal Rule of Evidence 403. (Pl.'s Mots. at 6-7.) In response, Defendant presents the circular argument that any evidence to "introduce" these individuals, "humanize" them, or "show their good qualities" would be admissible because it "would not be for the purpose of proving that they acted in accordance" but

4

"more broadly used to introduce, humanize, and explain them." (Def.'s Resp. at 2.)[4] Defendant adds the following non sequitur: if Defendant is not permitted to introduce evidence that its employees are or were "good", or "at least not bad administrators," it faces a risk of unfair prejudice in that "the jury may be improperly led to believe" that incidents "such as an alleged off-campus assault with an alleged insufficient investigation [] occur all the time, which is not the case." (*Id.*)

Defendant's arguments are without merit. In a civil suit like this one, character evidence is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1); *Cont'l Cas. Co. v. Howard*, 775 F.2d 876, 879 n.1 (7th Cir. 1985) (character evidence is not admissible where the party's character is not at issue); *Gray v. City of Chi.*, No. 18 C 2624, 2023 WL 7092992, at *11 (N.D. Ill. May 8, 2023) ("[G]ood-character evidence is generally not admissible to show action in conformity with the supposedly good character."). Rule 404(a) contains no exception for "introducing," "humanizing," or "explaining" a witness. Therefore, Defendant may not elicit testimony or introduce evidence that its former or current employees are "good" or "ethical" professors or administrators who "never discriminated" against students or colleagues or that they received awards, commendations, or positive performance reviews. Accordingly, we grant Plaintiff's motion in limine 5.

---

[4] Defendant also contends that "character evidence may be used for impeachment or rebuttal." (Def.'s Resp. at 2.) That statement is too broad. Under Federal Rule of Evidence 608(a), evidence of a witness's *truthful* character, not general "character evidence," is admissible through reputation or opinion testimony only after the witness's character for truthfulness has been attacked. *See Linkepic Inc. v. Vyasil, LLC*, No. 12 C 9058, 2019 WL 11717093, at *6 (N.D. Ill. Oct. 15, 2019) (for Rule 608(a) to "come[] into play," "there must be some specific challenge to [witnesses'] credibility as witnesses. Only at that point are they allowed to introduce evidence of their character for truthfulness, and only for the purpose of rehabilitating their credibility as witnesses."). In the event Defendant seeks to use such evidence at trial, the issue should be addressed outside the presence of the jury.

### 3. Plaintiff's Motion in Limine 6

Next, Plaintiff asks us to prohibit as irrelevant evidence of her settlement with former defendant Ballenger. (Pl.'s Mots. at 8-9.) Defendant's sole response is that it "objects to Plaintiff's motion to the extent it is entitled to a setoff of the amount of Plaintiff's settlement." (Def.'s Resp. at 2.) But it fails to develop any argument as to why it would be entitled to a setoff or whether the settlement with Ballenger is relevant to any issue that would be before the jury, so it waives the issue for purposes of the instant motion. *See Hakim v. Safariland, LLC*, 79 F.4th 861, 872 (7th Cir. 2023) (perfunctory and undeveloped arguments are waived). Plaintiff's motion in limine 6 is granted.

### 4. Plaintiff's Motion in Limine 7

Plaintiff seeks an order barring Defendant from "arguing or suggesting at trial that because Plaintiff did well academically during her last semester at VanderCook and during her first semester at the University of Illinois, the jury can find that VanderCook's response to Plaintiff's complaints was reasonable and/or that the harassment Plaintiff endured did not interfere with her educational experience." (Pl.'s Mots. at 9.) Plaintiff states that under relevant case law, even where a Title IX plaintiff's academic performance does not appear to have suffered during the alleged sexual harassment, the issue of whether the harassment deprived the plaintiff of educational benefits is one for the trier of fact. (*Id.*) As Defendant points out, (Def.'s Resp. at 2-3), however, that this issue is one for the jury does not suggest that Defendant should be precluded from making such an argument, and the decisions Plaintiff cites do not stand for that proposition. Furthermore, Plaintiff waives the argument by failing to reply to Defendant's response. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017). Plaintiff's motion in limine 7 is thus denied.

5. **Plaintiff's Motion in Limine 8**

Plaintiff's motion in limine 8 relates to testimony by Defendant's expert witness, Saundra Schuster. Defendant retained Schuster to testify as an expert on industry standards for Title IX compliance, investigations, and responses. (Mem. Op. & Order of June 5, 2023 (Dkt. No. 165) at 11.) In compliance with Federal Rule of Civil Procedure 26(a)(2)(B), Schuster submitted a Confidential Expert Report, which was later amended. (*Id.*) Plaintiff seeks an order barring Schuster from offering the following five opinions that are contained in her Amended Confidential Expert Report:

(a) Schuster "cannot see any basis in the record to conclude that [Defendant's] actions were clearly unreasonable or exposed [Plaintiff] to an ongoing hostile environment on the basis of sex."

(b) "Rather than being discriminated against, it appears from the record that [Plaintiff] was exceptionally well-accommodated and cared for by [Defendant] in ways that met or exceeded industry standards for supportive measures."

(c) Defendant "responded promptly and equitably to allegations of sexual assault made by" Plaintiff.

(d) Defendant "responded promptly and diligently to [Plaintiff's] complaints of violations of the No Contact Directive."

(e) Defendant's "decision on the evidence was reasonable."

(Pl.'s Mots. at 9-13 (citing Am. Confidential Expert Report of Saundra K. Schuster ("Schuster Report") (Dkt. No. 181-1) at 22, 17, 11, 17, 21).) Plaintiff maintains that these opinions about Defendant's conduct should be barred because they contain legal conclusions equivalent to testimony that Defendant acted in compliance with Title IX and they impermissibly tell the jury how to decide the issues. (*Id.*)

In response, Defendant first contends that "[t]hese issues have already been ruled upon by this Court." (Def.'s Resp. at 3.) That assertion is not quite accurate. Plaintiff previously moved

7

to exclude Schuster's opinions in their entirety under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Pl.'s Mot. Bar Ops. (Dkt. No. 129).) We excluded Schuster's testimony with respect to Section VI.b of her amended report but declined to preclude her from testifying entirely. (Mem. Op. & Order of June 25, 2023 at 12-19.) Although Plaintiff previously objected to most of the opinions she now seeks to exclude, she challenged Schuster's testimony only *generally* as consisting of improper legal conclusions and did not raise that ground in relation to the specific statements now at issue. (Pl.'s Mem. Supp. Mot. Bar Ops. (Dkt. No. 130) at 8-9, 12.) Furthermore, we stated in our opinion that the parties remained free to raise appropriate objections to specific aspects of expert testimony, (Mem. Op. & Order of June 25, 2023 at 29), so we are not retreading old ground and will proceed to address in turn the five statements identified by Plaintiff.

      **a.**    **Schuster "cannot see any basis in the record to conclude that [Defendant's] actions were clearly unreasonable or exposed [Plaintiff] to an ongoing hostile environment on the basis of sex."**

Under Title IX, a school may be held liable for student-on-student sexual harassment when the school is deliberately indifferent to the harassment. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). One of the showings a plaintiff must make to prevail on such a claim is that the school's response to the harassment was "clearly unreasonable in light of the known circumstances." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 808 (7th Cir. 2021). Plaintiff argues that since the jury thus will be tasked with determining the reasonableness of Defendant's response, Schuster's statement amounts to an inadmissible legal conclusion that Defendant complied with Title IX. In response, Defendant does not argue that this statement is admissible; it says only that it "was merely meant as a concluding sentence to wrap up the report"

8

and "[t]o the extent appropriate, Schuster will refrain from making legal conclusions, consistent with" the Court's previous order. (Def.'s Resp. at 5.)

"[E]xpert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003); *accord Scottsdale Ins. Co. v. City of Waukegan*, 689 F. Supp. 2d 1018, 1022 (N.D. Ill. 2010). As we stated in our previous opinion, in the context of a Title IX case, "testimony about industry standards or policies adopted by other institutions to comply with applicable regulations generally does not constitute a legal opinion or conclusion," but "[a]t the same time, an expert generally cannot testify as to legal conclusions that will determine the outcome of the case, such as what Title IX requires or whether a party 'has complied with those requirements.'" (Mem. Op. & Order of June 5, 2023 at 14 (citing *Doe v. Coastal Carolina Univ.*, No. 4:18-CV-268-SAL, 2021 WL 1651057, at *3 (D.S.C. Mar. 8, 2021); *Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 952-53 (D. Minn. 2018); *Doe v. Wharton Indep. Sch. Dist.*, No. 2:16-CV-48, 2017 WL 932935, at *2 (S.D. Tex. Mar. 9, 2017); *Roohbakhsh v. Bd. of Trs. of Neb. State Colls.*, No. 8:17CV31, 2019 WL 5653448, at *2 (D. Neb. Oct. 31, 2019)).)

Schuster's opinions that there is no basis to conclude that Defendant acted unreasonably or exposed Plaintiff to a hostile environment are obvious conclusions of law inappropriate for expert testimony. *See Portz*, 297 F. Supp. 3d at 953 (expert opinion on whether the defendant university complied with Title IX was inadmissible); *see also Scottsdale*, 689 F. Supp. 2d at 1024 (expert witness's opinion that insurer "acted in a vexatious and unreasonable manner" with regard to an insurance claim was "particularly inappropriate" for expert testimony); *Aleksic v. Clarity Servs., Inc.*, No. 13 C 7802, 2015 WL 4139711, at *6 (N.D. Ill. July 8, 2015) (proposed expert witness's statement that defendant's procedures were "reasonable" under the Fair Credit Reporting Act was

9

an inadmissible legal conclusion and "inherently unhelpful" as doing little more than telling the jury what result to reach). Therefore, this statement is inadmissible, and we grant Plaintiff's motion in limine 8a. Schuster may provide testimony as to whether Defendant's responses and investigation comported with industry standards and practice on Title IX responses and investigations but may not opine on whether Defendant violated Title IX or whether Plaintiff has proven the elements of a Title IX claim, including whether Defendant acted unreasonably.

      **b.**    **"Rather than being discriminated against, it appears from the record that [Plaintiff] was exceptionally well-accommodated and cared for by [Defendant] in ways that met or exceeded industry standards for supportive measures."**

Defendant asserts that this statement does not embrace any legal conclusions but is instead based on Schuster's opinion that Defendant complied with industry standards. (Def.'s Resp. at 5-6.) As to the latter part of the statement—that Defendant's treatment of Plaintiff met or exceeded industry standards—we agree. We will also permit Schuster to testify that Plaintiff was "exceptionally well-accommodated and cared for," as long as that opinion is tied to industry standards. But the first portion of the statement ("rather than being discriminated against") is a legal conclusion that Plaintiff was not discriminated against and is therefore inadmissible. Accordingly, Plaintiff's motion in limine 8b is granted as to the first portion of the statement and denied as to the following portions of the statement.

      **c.**    Defendant **"responded promptly and equitably to allegations of sexual assault made by"** Plaintiff.

      **d.**    Defendant **"responded promptly and diligently to [Plaintiff's] complaints of violations of the No Contact Directive."**

Defendant submits that these statements are not legal conclusions; rather, they are based on Schuster's opinion that Defendant complied with industry standards. (Def.'s Resp. at 6.) These statements require parsing. Schuster will be permitted to testify that Defendant responded

"promptly" and "diligently," if that testimony is tied to industry standards. With that caveat, Plaintiff's motions in limine 8.c and 8.d are denied as to testimony that Defendant responded "promptly" and "diligently." Schuster, however, may not testify that Defendant responded "equitably." Such testimony would amount to a legal conclusion that Plaintiff was not discriminated against. Plaintiff's motions in limine 8c and 8d are therefore granted as to any testimony that Defendant responded "equitably."

e. **Defendant's "decision on the evidence was reasonable."**

Defendant first points out, correctly, that the full sentence from Schuster's report states her opinion that Defendant's "decision on the evidence was reasonable and within the industry standard." (Def.'s Resp. at 6 (citing Schuster Report at 21).) Defendant further contends that this testimony should be allowed because Schuster's "point is that [Defendant's] 'decision' solely relating to its investigation into the off-campus sexual assault itself was reasonable when taking into account the industry standard into such investigations." (*Id.*) We are unpersuaded. Schuster expresses two points here: one, that Defendant's decision was "reasonable," and two, that it comported with industry standards. As we have explained, Schuster may testify as to the latter point, but not the former. Plaintiff's motion in limine 8e is accordingly granted in part and denied in part.

6. **Plaintiff's Motion in Limine 10**

Plaintiff seeks to examine Ballenger as an adverse witness under Federal Rule of Evidence 611(c)(2), which states that "[o]rdinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." (Pl.'s Mots. at 13-14.) She asserts that courts "have routinely interpreted the language of Rule 611[] rather broadly" and that although Ballenger is no longer a defendant, his status as a previous defendant

11

suffices to make him an adverse party. (*Id.* at 14.) Without citing authority, Defendant responds that the settlement makes Ballenger "no longer an adverse party to Plaintiff." (Def.'s Resp. at 7.) We disagree. A party's status as a former defendant in the case in which he is expected to testify qualifies him as an "adverse party" under Rule 611(c). *Angelopoulos v. Keystone Orthopedic Specialists*, No. 12 C 5836, 2017 WL 11625781, at *2 (N.D. Ill. May 30, 2017) (holding that "the fact that [the witness at issue] previously was a defendant in this very litigation" and settled with the plaintiff "places him clearly on the side of adversity for purposes of Rule 611(c)"); *Thomas v. Landrum*, No. 11 C 9275, 2014 WL 11370447, at *4 (N.D. Ill. Mar. 18, 2014) (granting plaintiff's motion in limine to call all former defendants as adverse witnesses and stating that "there is little question that the former defendants have a contrary position and contrary interests to" plaintiff). Therefore, we grant Plaintiff's motion in limine 10.

### C. Defendant's Opposed Motions in Limine

#### 1. Defendant's Motion in Limine 1

Defendant argues in its first motion in limine that punitive damages and damages for emotional distress should be barred as unavailable in this case. (Def.'s Mots. at 2-4.) Defendant is correct that these types of damages are unavailable in private litigation for Title IX claims. *See Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 912 (7th Cir. 2024). But the parties' motions in limine were briefed before Plaintiff filed a motion to amend her complaint to add a CRRRA claim, which we granted. (Mem. Op. & Order of Apr. 11, 2024 (Dkt. No. 206).) A violation of Title IX is also a violation of the CRRRA, which expressly provides that damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonmonetary losses" are available. 775 ILCS 60/15, 20. Accordingly, Defendant's motion in limine 1 is granted as to punitive damages but denied as to emotional-distress damages.

2. **Defendant's Motion in Limine 2**

Defendant seeks to bar non-expert testimony regarding causation of Plaintiff's "alleged mental health conditions." (Def.'s Mots. at 4-6.) Defendant contends that neither lay persons nor healthcare professionals who do not tender an expert report, including Plaintiff's "various therapists" and treating physicians, are permitted to testify about their beliefs as to the origin of an individual's emotional distress or mental anguish. (*Id.*) As to lay persons, Plaintiff "does not dispute that [they] cannot give opinion[s] about medical causation" but argues that she and her friends and family should be permitted to testify about their perceptions of her mental or emotional distress they observed at the relevant time. (Pl.'s Resp. at 8-10.) She also argues that her medical providers were disclosed as expert witnesses and are permitted to testify about causation without having tendered an expert report. (*Id.* at 10-11.) In reply, Defendant states that "the parties appear to agree that lay fact witnesses cannot give opinion[s] about medical causation" and withdraws the remainder of its motion in limine 2. (Def.'s Reply (Dkt. No. 199) at 5 (internal punctuation omitted).) Accordingly, Defendant's motion in limine 2 is granted by agreement as to lay witnesses' opinions about medical causation, and the remainder of the motion is withdrawn.

3. **Defendant's Motion in Limine 3**

We previously granted Defendant's motion for summary judgment on Plaintiff's deliberate indifference claim with respect to Defendant's alleged failure to respond to comments made by Ballenger's friends and a particular Instagram post. (Mem. Op. & Order of June 25, 2023 at 35-37.) In its motion in limine 3, Defendant argues that as a result of that ruling, "any evidence or testimony regarding alleged harassment from Plaintiff's peers, including but not limited to social media posts, should be barred because they are not relevant to Plaintiff's remaining claim and would only serve to confuse the jury." (Def.'s Mots. at 7.) In response, Plaintiff maintains that

13

we should deny Defendant's motion for two reasons: (1) vagueness, in that Defendant fails to identify "which of the many allegations of harassment from peers it is specifically seeking to exclude"; and (2) while it is true that the jury will not be asked to determine whether Defendant's response to the comments and social media post was reasonable, this harassment evidence is nonetheless relevant to the remainder of Plaintiff's claim because the jury will have to determine whether Defendant's action or inaction in relation to the surviving bases of the claim caused Plaintiff to undergo harassment or made her vulnerable to it. (Pl.'s Resp. at 12-13.) In reply, Defendant does not dispute Plaintiff's statement of the law but simply argues that "[a]s the Court has already ruled, the issue in this case is not the so-called 'peer harassment' involving comments and social media posts from Ballenger's friends." (Def.'s Reply at 5.)

"[T]o be liable under Title IX, school officials must have caused students to endure harassment or exposed them to it." *Park v. Secolsky*, 787 F. App'x 900, 905 (7th Cir. 2019) (citing *Davis*, 526 U.S. at 645). Defendant does not cite authority for the proposition that the harassment on which Plaintiff's deliberate-indifference claim is premised must be identical in nature to the harassment that it allegedly caused or as to which it allegedly made Plaintiff vulnerable. Although we have ruled that certain particular incidents of peer harassment are not actionable as bases for Plaintiff's Title IX claim, it does not necessarily follow that all such evidence would be irrelevant. That said, we are unable to properly evaluate Defendant's motion given its broad framing; this issue must be presented in an evidence-specific context. We therefore deny Defendant's motion in limine 3 without prejudice to renewal at trial in the context of specific evidence. *See, e.g.*, *Sys. Dev. Integration, LLC v. Comput. Scis. Corp.*, No. 09 C 4008, 2012 WL 3204994, at *10 (N.D. Ill. Aug. 3, 2012) (denying motion in limine and stating that the defendant could "assert objections

to specific evidence at trial, when the Court will be better-equipped to determine the relevancy of the evidence in context").

### 4. Defendant's Motion in Limine 4

Defendant moves to bar as inadmissible hearsay any "testimony from" Plaintiff's mother, Joanna Pogorzelska ("Joanna"), or "statements in" her emails "as to conversations she was not present for." (Def.'s Mots. at 7.) Defendant further states that it "anticipates that Plaintiff will attempt to introduce a number of Dean [Stacey] Dolan's comments through" such testimony and emails. (*Id.*) Plaintiff says that because there are "hundreds of [such] emails and/or text messages," the motion should be denied because it is vague and Defendant has not shown that this evidence is inadmissible for any purpose. (Pl.'s Resp. at 13-15.)

In reply, Defendant asserts that there "should not be any confusion about what specific evidence is the subject of this motion" and refers to an October 4, 2017 from Joanna to Dolan that in Defendant's view contains an "inaccurate[]" description of a meeting between the two, as well as testimony from Joanna about "supposedly hostile comments made by" Dolan. (Def.'s Reply at 6.) But Defendant still does not describe the statements with particularity or offer anything more than a conclusory argument that they are inadmissible. In any event, Defendant's failure to develop its argument in its opening brief constitutes waiver for purposes of the instant motion. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) (district courts are entitled to treat arguments that are not developed in an initial motion as waived). We deny Defendant's motion in limine 4.

### 5. Defendant's Motion in Limine 5

Defendant seeks to bar as inadmissible hearsay "[a]ny testimony by Plaintiff and/or non-medical witnesses regarding what physicians or nurses said out of court, particularly their diagnoses, that is offered for the truth of the matter asserted." (Def.'s Mots. at 7.) Plaintiff opposes

15

this motion on the ground that "it is unclear what exactly Defendant is seeking to exclude from trial" because Defendant does not refer to any specific evidence or testimony. (Pl.'s Resp. at 15.) We agree with Plaintiff that this motion is too vague; without a better understanding of what testimony Defendant is seeking to bar or the reason it may be offered, we are unable to rule in limine. Defendant's motion in limine 5 thus is denied without prejudice to its renewal at trial in relation to specific evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions in limine 1, 2, 3, 4, 5, 6, 8a, 10, and 11 and Defendant's motions in limine 6, 7, 8, 9, and 10 are granted; Plaintiff's motion in limine 7 and Defendant's motions in limine 3, 4, and 5 are denied; Plaintiff's motions in limine 8b, 8c, 8d, and 8e and Defendant's motion in limine 1 are granted in part and denied in part; and Defendant's motion in limine 2 is granted by agreement in part and withdrawn in part. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Date: June 26, 2024